```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

| | |
|---|---|
| LINDA F. JACKSON, | * |
| Plaintiff, | * |
| vs. | *   Civil Action 07-00390-B |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | * |
| Defendant. | * |

## ORDER

This matter is before the Court on Petitioner's Motion for Attorney's Fees and Notice of Filing Exhibits (Docs. 30, 31) and Defendant's Response (Doc. 33). On September 11, 2007, the parties consented to have the undersigned conduct any and all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636 c) and Fed.R.Civ.P. 73. (Docs. 13, 14). Upon consideration of all pertinent materials contained in this file, the Motion for Attorney Fees (Doc. 30) is **GRANTED.**

## I.   Findings Of Fact

1. Plaintiff protectively filed an application for a period of disability, disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act ("Act") 42 U.S.C. 401-433, 1381-1383h on October 10, 2003. Her claims were denied at the initial level on April 2, 2004, and by the Administrative Law Judge on January 24, 2006. (Tr. 13-24, 25-26, 49, 331-332). Plaintiff timely filed an appeal,

and on May 14, 2007, the Appeals Council ("AC") denied the request for review.  (Tr. 5-8).

2.   Plaintiff and Petitioner Gilbert B. Laden executed a fee agreement, dated May 29, 2007.  The agreement provides that Plaintiff agrees to pay an attorney's fee equal to twenty-five percent (25%) of any accumulated past-due benefits paid to her and her family in the event of the successful prosecution of her claim in federal court. (Doc. 31-1).

3.   On May 30, 2007, Mr. Laden filed an action in this Court, on behalf of Plaintiff, seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for a period of disability, disability insurance benefits and supplementary income benefits.  (Doc. 1).

4.   The undersigned Magistrate Judge, on March 31, 2009, entered an Order and Judgment, reversing and remanding this cause to the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g).  As a result, Plaintiff was a prevailing party under the Equal Access To Justice Act ("EAJA"), 28 U.S.C. § 2412.  (Docs. 23, 24).

5.   Plaintiff filed a Motion for Attorney Fees pursuant to the EAJA on June 3, 2009.  In an Order dated June 15, 2009, the Court awarded Plaintiff $3,447.53 for attorney's fees[1].  (Docs. 25, 28, 29).

---

[1] 170.67 per hour x 20.2 hours = $3,447.53.

6. Social Security issued a letter entitled "Important Information" dated October 27, 2009. The letter reflects that $7,903.50 was withheld from Plaintiff's Social Security Disability award as payment for authorized attorney's fees. (Doc. 31-3 at 2). Social Security issued a second letter entitled "Important Information" dated November 13, 2009. The letter reflects that $3,258.00 was withheld from Plaintiff's Supplemental Security Income award as payment for authorized attorney's fees. (Doc. 31-4 at 1). The total amount withheld as payment for authorized attorney's fees is $11,161.50[2].

7. As noted supra, Plaintiff was previously awarded $3,447.53 in EAJA fees as a result of the June 15, 2009 decision. (Docs. 28, 29). Additionally, the Agency is awarding Mr. Laden $5,300 in administrative attorney's for time spent representing Plaintiff before the Agency. (Doc. 31-2 at 3, Doc. 30 at 2).

8. In the instant petition, Mr. Laden requests approval of $5,861.50 as the attorney's fee for legal services rendered to Plaintiff before this Court. According to Mr. Laden, the requested amount represents 25% of Plaintiff's past-due benefits, less the $5,300 administrative award, and is not more than twenty-five percent (25%) of Plaintiff's past due benefits. He further states that the requested amount is consistent with the agreement reached between himself and Plaintiff. (Doc. 30 at 2-3).

---

[2]$7,903.50 + $3,258.00 = $11,161.50.

15.  On December 4, 2009,, Defendant filed its response to Petitioner's authorization for contingency fees, stating that it does not object to the requested fee.  Mr. Laden acknowledges that counsel who have receive attorney's fees under both Section 406(b) and EAJA must refund the lesser amount to his client, and asks the Court to include in its order a provision for Petitioner to tender to Plaintiff the amount previously received in attorney's fees under EAJA.  (Doc. 30 at 3).

## II.  Conclusions Of Law

### A.  Governing Law

Section 206(b) of the Social Security Act, codified at 42 U.S.C. § 406(b), provides that when a court renders a favorable judgment to a Social Security claimant "[w]ho was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A).[3]  Section 406(b) "does not invalidate all contingent fee arrangements--it merely sets their upper limit--and because such arrangements effectuate congress's objective of securing adequate representation for social security claimants, a

---

[3] "When a claimant receives a favorable administrative decision following a remand of a case by the district court to the Secretary, the district court may award attorney's fees pursuant to 42 U.S.C. § 406(b)(1)." Rohrich v. Bowen, 796 F.2d 1030, 1031 (8th Cir. 1986) (citations omitted).

requested fee based on a contingent fee arrangement should be enforced unless the court finds it to be unreasonable." Wells v. Sullivan, 907 F.2d 367, 370 (2d Cir. 1990).

In Gisbrecht v. Barnhart, 535 U.S. 789 (2002), the Supreme Court held that Section 406(b) "does not displace contingent-fee agreements within the statutory ceiling; instead [the section] instructs courts to review for reasonableness fees yielded by those agreements." Gisbrecht, 535 U.S. at 809. Gisbrecht specifically rejected the lodestar method of determining fees, stating that it is "unlikely that Congress, legislating in 1965, and providing for a contingent fee tied to a 25 percent of past-due benefits boundary, intended to install a lodestar method courts did not develop until some years later." Id. at 805-806. The Court did not specifically delineate the factors that district courts should consider when determining the reasonableness of the contingency fee arrangement, but did cite, with approval, an approach used to evaluate reasonableness by several circuits:

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved . . . . If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court . . . . If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order . . . . In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's

5

> assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases . . . . Judges of our district courts are accustomed to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review.

Gisbrecht, 535 U.S. at 808 (citations omitted).  From this, it appears that the Supreme Court intends that the lower courts give great deference to the contingency fee arrangement, and uphold such arrangements unless the fees produced by them are found to be unreasonable.  A contingent fee arrangement is unreasonable where the contingency percentage is over the 25 percent cap, where there is evidence of fraud or overreaching in making the agreement, or where the requested amount is so large as to be a windfall to the attorney.  Wells, 907 F.2d at 372.  Factors that may be considered in reviewing for reasonableness include: 1) the character of representation; 2) the result achieved by the attorney; 3) any delay caused by the attorney; 4) the amount of benefits relative to the time spent on the action such that the attorney receives a windfall; 5) fraud or overreaching in making the agreement; and 6) the requested fee does not exceed 25 percent of past-due benefits.  Gisbrecht, 583 U.S. at 808-809.

    **B.  Discussion**

    Petitioner refers to the attachment to his Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice filed on

6

June 3, 2009, which is an itemized statement showing that 20.2 hours were spent on this case pursuing Plaintiff's claim in federal court (Doc. 25-1).  He  requests an award of $5,861.50, which he states represents the balance remaining of twenty-five percent (25%) of back benefits awarded to Plaintiff.  (Doc. 30 at 2). Specifically, Petitioner argues that the contingent fee agreement should be found reasonable and given effect.  In support, Petitioner asserts that he has been Plaintiff's representative since 2004 and accumulated time on the administrative part of the case.  Petitioner has provided a copy of his contingent-fee agreement wherein Plaintiff agreed to pay an attorney's fee equal to twenty-five percent (25%) of all past-due benefits payable to plaintiff and her family in the event her case is won. (Doc. 31-1).

The undersigned has carefully reviewed the record in this case, including the Commissioner's response.  Based upon the undersigned's thorough review, the undersigned finds that Mr. Laden is entitled to the requested fee for a number of reasons. First, the Supreme Court has rejected an hourly approach ("lodestar method") for determining the reasonableness of a contingency fee arrangement, noting that the lodestar method is inappropriate because it is "designed to govern imposition of fees on the losing party." Gisbrecht, 535 U.S. at 805.  In evaluating the reasonableness of the contingency fee arrangement, this Court does not look in isolation at the 20.2 hours spent in this Court.  The

undersigned notes that Petitioner obtained a fully favorable decision for his client which included significant past due benefits and future benefits.  Also, Petitioner is recognized in this community as an experienced, reputable and capable attorney who practices almost exclusively in the area of Social Security law.  Moreover, this Court recognizes that by assuming this representation, Petitioner assumed a significant risk that he may never recover any fee for his efforts.  Furthermore, while there do not appear to have been any novel legal issues or arguments presented, Petitioner was required to overcome legal and factual obstacles to the enhancement of the benefits awarded to his client which would justify a maximum award.  This Court acknowledges that while the hours spent may appear disproportionate to the award, Plaintiff and Petitioner entered into an agreement, within the statutory maximum, which secured representation for Plaintiff of very capable and experienced counsel. Further, Petitioner assumed the risk that he would receive nothing if unsuccessful. Accordingly, upon consideration of the foregoing, the undersigned finds that an award of **$5,861.50** to Petitioner, for representation of Plaintiff at the federal court level, is not unreasonable in this case.[4]  See, e.g., Thomas v. Barnhart, 412 F. Supp. 2d 1240

---

[4] See also e.g., Yarnevic v. Apfel, 359 F. Supp. 2d 1363, 1363-67 (N.D. Ga. 2005) (approving a contingency fee agreement resulting in an award of $21,057.75); Claypool v. Barnhart, 294 F. Supp. 2d 829 (S.D.W. Va. 2003) (approving a request for an award under a contingency fee agreement of $18,000, for 12.56

(M.D. Ala. 2005).

## III. Conclusion

Accordingly, the undersigned authorizes Petitioner Gil Laden to receive, as an attorney's fee pursuant to Section 406(b) for services rendered at the federal court level, the sum of **$5,861.50.** This total is equal to twenty-five (25%) percent of the total past-due benefits awarded to Plaintiff, minus the administrative amount previously authorized. Additionally, Mr. Laden is directed to disburse to Plaintiff the sum of **$3,447.53** which was previously awarded pursuant to the Equal Access to Justice Act ("EAJA").[5]

---

hours, resulting in an hourly rate of $1,433.00); Hearn v. Barnhart, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (approving $25,132.50 for 56 hours); Brown v. Barnhart, 270 F. Supp. 2d 769, 772-73 (W.D. Va. 2003) (approving contingency fee resulting in an hourly rate of $977.00); Martin v. Barnhart, 225 F. Supp. 2d 704 (W.D. Va. 2002) (approving $10,189.50 for 16.82 hours); Coppett v. Barnhart, 242 F. Supp. 2d 1380, 1385 (S.D. Ga. 2002) (approving contingency fee resulting in an hourly rate of $350.00).

[5]When an attorney obtains a fee award under the EAJA, and subsequently obtains a fee award under the Social Security Act, the attorney must return the smaller of the two to the plaintiff. See Section 206 of Pub. L. No. 96-481, as amended by Pub. L. No. 99-80, § 3, Aug. 5, 1985, 99 Stat. 186, which states as follows:

> (b) Section 206(b) of the Social Security Act [42 U.S.C. § 406(b)] . . . shall not prevent an award of fees and other expenses under section 2412(d) of title 28, United States Code. Section 206(b) of the Social Security Act shall not apply with respect to any such award but only if, where the claimant's attorney receives fees for the same work under both section 206(b) of that Act and section 2412(d) of title 28, United States Code, the claimant's attorney refunds to the claimant the amount of the smaller fee.

DONE this **7th** day of **December, 2009.**

                                          **/s/ SONJA F. BIVINS**
                                    **UNITED STATES MAGISTRATE JUDGE**